IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOLGENCORP, LLC, | No. 4:23-CV-01340 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MERION STATION PARTNERS, LLC, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

**NOVEMBER 14, 2025**

## I.     BACKGROUND

On August 11, 2023, Dolgencorp, LLC ("Dolgencorp") filed a one-count complaint against Merion Station Partners, LLC ("MSP").[1] At the close of discovery, cross-motions for summary judgment were filed by the parties and Dolgencorp filed a motion for leave to file an amended complaint.[2]

These motions are now ripe for disposition; for the reasons below, the motion for leave to amend is granted. Additionally, both motions for summary judgment are denied as moot.

---

[1]   Doc. 1 (Compl.).
[2]   Doc. 31 (MSP Mot. for Summ. J.); Doc. 35 (Mot. for Leave to file Am. Compl.); Doc. 36 (Dolgencorp Mot. for Partial Summ. J.).

## II.    MOTION FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a)(2) requires district courts to "freely give leave [to amend] when justice so requires."[3] This is a "liberal standard."[4] Under Rule 15(a), "[a] district court may deny leave [to amend] upon finding undue delay, bad faith, prejudice to the opposing party, or futility."[5] "'The function of Rule 15(a) … is to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint.'"[6]

### A.    Analysis

Plaintiff seeks to amend its complaint to add three counts: (II) fraud in the inducement, (III) fraudulent concealment, and (IV) negligent misrepresentation.[7] Given Plaintiff's representations about the information it learned during the course of discovery[8] and the current state of the litigation, the Court does not find that undue delay, bad faith, or prejudice to the opposing party is an applicable bar to amendment here. However, futility may be a different story. "An amendment is futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a

---

[3]   *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 318 (3d Cir. 2020).
[4]   *Id.* at 319.
[5]   *Rogers v. Wilmington Trust Co.*, No. 21-1473, 2022 U.S. App. LEXIS 5653, 2022 WL 621690, at *13 (3d Cir. Mar. 3, 2022) (citing *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)).
[6]   *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (quoting 6 C. Wright & A. Miller, *Federal Practice and Procedures* § 1473 (3d ed. 2019)).
[7]   Doc. 40 at 7.
[8]   Notably that Plaintiff learned on the day discovery closed that the relevant insurance policy failed to meet the requirements of the lease. *See* Doc. 35, Ex. 3 ¶68.

claim upon which relief could be granted."⁹ When deciding whether an amendment is futile, a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.¹⁰ An amendment will be found futile only if those facts lead a court to find that a claim lacks facial plausibility.¹¹ Here, it is apparent that the allegations supporting counts II–IV create plausible claims.¹² As such, the amendment to add these claims is not futile and the Court will permit the amendment to include counts II–IV.

Count I presents a somewhat different issue. That claim rises and falls on the Court's determination of whether a breach of contract claim would be futile under the facts alleged. The Court believes that analysis of this issue may turn on the meaning of the original lease's section on limitation of the lessor's liability. With the important caveat that this issue has largely gone without briefing, it appears that it is entirely possible that the breach of contract claim is plausible.¹³ Further, the

---

9   *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1998).
10  *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003))
11  *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).
12  Additionally, Defendant's claims that there was undue delay, bad faith or caused prejudice are hollow. *See* Doc. 44 at 14-15. This becomes apparent when reading their discussion of these allegations, which include no articulation of what prejudice would actually come from allowing the amendment. *See id.* While some further discovery on the issues in counts II-IV may be necessary, Defendant's brief in opposition to the motion for leave to file an amended complaint demonstrates that much of the underlying evidence is already in the hands of the parties. *See id*. This contradicts the Defendant's statement that "significant" discovery on these related issues would be needed. *See id.* at 15.
13  Given that the standard to allow amendment is the 12(b)(6) standard and not the summary judgment standard, the Court is focused on the plausibility of the claim alleged, not a current legal analysis of an underriding issue that may arise on subsequent summary judgment.

Court believes that allowing the amendment would be in the interests of justice and would better allow for the ultimate disposition of the case, including on counts II-IV.[14] Therefore, Plaintiff's motion for leave to file an amended complaint will be granted.[15]

## III. SUMMARY JUDGMENT MOTIONS

Both Plaintiff and Defendant agree that Defendant's motion for summary judgment is mooted by the Court's granting of Plaintiff's motion for leave to file an amended complaint.[16] The Court agrees, and that motion will be denied as moot. For similar reasons, the Court also believes that Plaintiff's summary judgment motion is moot, and that motion will be denied, as well.

However, the Court invites the parties to file motions for summary judgment addressing all four of the counts in the amended complaint. In filing these summary judgment motions—and subsequent briefing in support or opposition of them—the

---

[14] As the United States Court of Appeals for the Third Circuit has made explicit, it is within the province of the District Court to ultimately decide whether to allow amendment based on Federal Rule of Civil Procedure 15(a)(2). *Cresci v. City of Bayonne*, No. 23-1342, 2024 WL 94099, at *2 (3d Cir. Jan. 9, 2024) ("the ultimate decision to grant or deny opportunity to amend is within the discretion of the court"); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("the grant or denial of an opportunity to amend is within the discretion of the District Court").

[15] The Court notes that it also finds that Plaintiff has met the somewhat stricter requirements of Rule 16's good cause standard, as required before a District Court can determine if Rule 15's standard has been met. *See Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 318 (3d Cir. 2020). The Court believes that the Plaintiff has operated in an entirely prompt fashion in moving to amend its complaint within a month of the close of discovery. I will not find a lack of good cause in the present action.

[16] *See* Doc. 44 (Br. in Opp'n).

parties are encouraged to refer to their briefs in the previous summary judgment motions.[17] As previously stated, the Court believes that the ultimate disposition of this issue likely turns entirely on the meaning of the original lease's section on the limitation of the lessor's liability—and to a lesser extent on the mutual release section of the lease.[18] How the Court should analyze these sections has been touched on in the party's briefings,[19] but the Court urges the parties to focus its additional briefings on the analysis of Sections 22 and 34 of the original lease and on counts II-IV generally.[20]

The Court will order a status conference to discuss a new summary judgment motion and briefing schedule in the near future.

## IV.   ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 35) is **GRANTED**. Plaintiff must file an amended complaint by **November 24, 2025**;

---

[17] In coming to my conclusion today, I have considered the briefs filed to support and oppose the summary judgment motions that I have now found to be moot. In any subsequent motion for summary judgment, I will take into consideration those briefs when making a decision if pointed to them in the appropriate briefing.

[18] Doc. 34, Ex. A ¶¶ 22, 34.

[19] Notably in briefings responding to Defendant's motion for summary judgment. *See* Doc. 32 (Br. in Supp.); Doc. 38 (Br. in Opp'n).

[20] Both parties are welcome to include additional arguments it believes are relevant to a disposition of Count I, but should do so while also substantially addressing Sections 22 and 34.

2. Defendant's Motion for Summary Judgment (Doc. 31) is **DENIED**;

3. Plaintiff's Motion for Partial Summary Judgment (Doc. 36) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge